# Supreme Court of Florida

_____

No. SC2025-1362

_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF JUVENILE PROCEDURE 8.203 AND 8.330.**

June 11, 2026

PER CURIAM.

The Florida Bar's Juvenile Court Rules Committee filed a report proposing amendments to Florida Rules of Juvenile Procedure 8.203 (Application of Uniform Child Custody Jurisdiction and Enforcement Act) and 8.330 (Adjudicatory Hearings).[1] The Court published the proposed amendments for comment, and no comments were received.

Having considered the proposal, we adopt the amendments to rules 8.203 and 8.330 as proposed. Specifically, we amend rule 8.203 to allow the required information under the Uniform Child Custody Jurisdiction and Enforcement Act to be included within the

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

first pleading, as opposed to requiring an accompanying affidavit. We also amend rule 8.330(f) (Dismissal) to provide that if "after all the evidence has been presented" the court finds that the "evidence is insufficient to sustain the grounds alleged in the dependency petition," it must enter an order "dismissing the case for insufficiency of the evidence or find that allegations in the petition have not been sustained as to a particular parent or legal custodian and proceed with the dispositional alternatives available at law."

Accordingly, the Florida Rules of Juvenile Procedure are amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments become effective October 1, 2026, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and LABARGA, COURIEL, GROSSHANS, FRANCIS, SASSO, and TANENBAUM, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Hon. Angélica D. Zayas, Chair, Juvenile Court Rules Committee, Miami, Florida, Joshua E. Doyle, Executive Director, The Florida

Bar, Tallahassee, Florida, and Heather S. Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 8.203.    APPLICATION OF UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT

Any pleading filed commencing proceedings as set forth in rule 8.201 must contain information or be accompanied by an affidavit, to the extent of petitioner's or affiant's personal knowledge, under the Uniform Child Custody Jurisdiction and Enforcement Act. Each party has a continuing duty to inform the court of any custody proceeding in this or any other state of which information is obtained during the proceeding.

## RULE 8.330.    ADJUDICATORY HEARINGS

**(a)-(d)**      [No Change]

**(e)    Motion for Judgment of Dismissal.** In all dependency adjudicatory proceedings, if at the close of the evidence for the petitioner a party moves for a judgment of dismissal and the court is of the opinionfinds that the evidence is insufficient to warrant a finding ofsustain the grounds alleged in the dependency petition, it may, and on the motion of any party shall,must enter an order dismissing the petition for insufficiency of the evidence or find that allegations in the petition have not been sustained as to a particular parent or legal custodian. If the court finds that allegations in the petition have not been sustained but does not dismiss the petition, the parties, including all parents, must continue to receive pleadings, notices, and documents and to have the right to be heard.

**(f)      Dismissal.** If the court finds after all the evidence has been presented that the allegations in the petition have not been sustained evidence is insufficient to sustain the grounds alleged in the dependency petition, it must enter an order dismissing the case for insufficiency of the evidence or find that allegations in the petition have not been sustained as to a particular parent or legal custodian and proceed with the dispositional alternatives available at law. If the court finds that allegations in the petition have not been sustained but does not dismiss the petition, the parties,

- 4 -

including all parents, must continue to receive pleadings, notices, and documents and to have the right to be heard.

## Committee Notes

[No Change]